Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000589
09-JAN-2012
08:10 AM

NO. CAAP-11-0000589

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MEW GUNN YIM, Plaintiff-Appellant, v.
GEOFFREY M.S. PANG; ROSITA W. C. WONG;
and ROWEN N. YOUNG, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0232)


AMENDED ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record and the Order Granting Defendant-Appellee Rosita W.C. Wong'S January 3, 2012 Motion to Correct Order Dismissing Appeal for Lack of Appellate Jurisdiction, we enter this Amended Order Dismissing Appeal for Lack of Jurisdiction, which supercedes the December 28, 2011 Order Dismissing Appeal for Lack of Jurisdiction.

It appears that we lack jurisdiction over this appeal that Plaintiff-Appellant Mew Gunn Yim (Appellant Yim) has asserted from the Honorable Rhonda A. Nishimura's July 7, 2011 "Order Granting Defendant Rosita W.C. Wong's Motion to Dismiss for Lack of Subject Matter Jurisdiction Filed April 7, 2011[,]

and Defendant Rowen N. Young's Joinder Filed May 23, 2011[,] in Defendant Rosita W.C. Wong's Motion to Dismiss for Lack of Subject Matter Jurisdiction Filed April 7, 2011" (the July 7, 2011 order), because the July 7, 2011 order is not independently appealable.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Rule 58 of the Hawaii Rules of Civil Procedure (HRCP), which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109

-2-

Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The July 7, 2011 order is not a judgment. On September 27, 2011 the record on appeal for appellate court case number CAAP-11-0000589 was filed, at which time the record on appeal did not contain a separate judgment that resolved all claims, as HRCP Rule 58 requires for an appeal under the holding in Jenkins. Absent an appealable final judgment, we lack jurisdiction over appellate court case number CAAP-11-0000589. Therefore,

IT IS HEREBY ORDERED that appellate court case number appellate court case number CAAP-11-0000589 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 09, 2012.

Chief Judge

Associate Judge

Associate Judge

-3-